**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**BILLY RAY MURPHY,**

    **Plaintiff,**

**v.**                                                                                       **Civil Action No.: 1:09-CV-72
JUDGE KEELEY**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND AFFIRM THE DECISION OF THE ADMINISTRATIVE LAW JUDGE**

## I.    INTRODUCTION

On May 27, 2009, Plaintiff Billy Ray Murphy ("Plaintiff"), by counsel Phillip S. Isner, Esq., filed a complaint in this Court to obtain judicial review of the final decision of Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner" or "Defendant") pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). On August 3, 2009, the Commissioner, by counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed an answer and administrative transcript of the proceedings. On September 2, 2009 and October 2, 2009, Plaintiff and the Commissioner filed their respective Motions for Summary Judgment [10] [12]. Following review of the motions by the parties and the transcript of administrative proceedings, the undersigned Magistrate Judge now issues this Report and Recommendation to the District Judge.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND AND REVIEW OF ADMINISTRATIVE LAW JUDGE DECISION

### A. Procedural Background

On August 4, 2005, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability as of February 15, 2001. Tr. at 85-87. On October 18, 2007, the United States Administrative Law Judge ("ALJ") held a hearing, and Plaintiff testified under oath. Tr. at 884-923. *See* 20 C.F.R. § 404.929 (hearing before an administrative law judge). On December 14, 2007, the ALJ issued an unfavorable decision to Plaintiff, finding him not entitled to a period of disability. Tr. at 15-30. The Appeals Council denied Plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner. Tr. at 7-9. *See* 20 C.F.R. § 404.967 (Appeals Council review--general); *see also* 20 C.F.R. § 404.981 (Effect of Appeals Council's decision or denial of review). Plaintiff now requests judicial review of the ALJ decision denying his application for disability.

### B. Standard for Judicial Review of a Decision by the Administrative Law Judge in a Disability Case

> Judicial review of a final decision regarding disability benefits is limited to determining whether the findings...are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g). "The findings...as to any fact, if supported by substantial evidence, shall be conclusive" *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See Perales*, 402 U.S. at 401, 91 S. Ct. at 1427 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216 (1938))...Substantial evidence...consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance...Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment...if the decision is supported by substantial evidence. *See Laws v.*

*Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Snyder v. Ribicoff*, 307 F.2d 518, 529 (4th Cir.1962). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979). **"This Court does not find facts or try the case *de novo* when reviewing disability determinations."** *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir.1976); "We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of non-persuasion." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). "The language of the Social Security Act precludes a *de novo* judicial proceeding and requires that the court uphold the decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"

*See Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990) (emphasis added). In applying these legal standards, the Court reviews the decision by the ALJ.

### C. Standard for Disability and Five-Step Evaluation Process

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work..."[W]ork which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

*See* 42 U.S.C. § 423(d)(2)(A). In order for the ALJ to determine whether a plaintiff is disabled and therefore entitled to disability insurance benefits, the Social Security Administration has established a five-step sequential evaluation process. The five steps are as follows (including Residual Functional Capacity Assessment prior to Step Four):

Step One: Determine whether the plaintiff is engaging in substantial gainful activity;

Step Two: Determine whether the plaintiff has a severe impairment;

Step Three: Determine whether the plaintiff has a "listed" impairment;

* Residual Functional Capacity Assessment *
(Needs to be Determined Before Proceeding to Step Four)

Step Four: Compare residual functional capacity assessment to determine whether the plaintiff can perform past relevant work;

Step Five: Consider residual functional capacity assessment, age, education, and work experience to determine if the plaintiff can perform any other work.

*See* 20 C.F.R. § 404.1520 (evaluation of disability in general). In following the five-step process and coming to a decision, the ALJ makes findings of fact and conclusions of law. This Court will review the decision by the ALJ to determine whether it is supported by substantial evidence, in accordance with 42 U.S.C. § 405(g) and *Hays*.

## D. Review of ALJ Application of Five-Step Evaluation Process and Whether it is Supported by Substantial Evidence

### 1. Step One: Determine whether the Plaintiff is Engaging in Substantial Gainful Activity

> Substantial gainful activity is work activity that is both substantial and gainful:
>
> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized....
>
> If you are working or have worked as an employee...[g]enerally, in evaluating your work activity for substantial gainful activity

> purposes, our primary consideration will be the earnings you derive from the work activity...
>
> [I]f you are self-employed [w]e will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity...
>
> If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled *regardless of your medical condition* or your age, education, and work experience.

*See* 20 C.F.R. § 404.1572; *see also* 20 C.F.R. § 404.1574(a) (evaluation guide for employees who are not self-employed); *see also* 20 C.F.R. § 404.1575(a)(2) (evaluation guide if you are self-employed); *see also* 20 C.F.R. § 404.1520(b) (emphasis added). The ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of disability on February 15, 2001. Tr. at 18 & 20. The parties do not dispute ALJ's findings in Step One.

### 2. Step Two: Determine whether the Plaintiff has a Severe Impairment

> At the second step, we consider the medical severity of your impairment(s)...[A] severe impairment... [is] any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities...We will not consider your age, education, and work experience...
>
> An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities. Basic work activities...mean[s] the abilities and aptitudes necessary to do most jobs. Examples of these include--1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting.

*See* 20 C.F.R. § 404.1520(c); *see also* 20 C.F.R. § 404.1521; *see also Luckey v. U.S. Dept. of Health & Human Services*, 890 F.2d 666 (4th Cir. 1989). After a review of the medical records from the

Veterans Affairs Hospital ("VA"), Davis Memorial Hospital, Dr. Farukh Khan, Huttonsville Correctional Center, St. Mary's Correctional Center, Denmar Correctional Center, and Pruntytown Correctional Center, the ALJ found Plaintiff to have the following severe impairments: a history of seizures in the absence of medication; pain in his right shoulder; bilateral knee pain; decreased visual acuity; lumbar osteoarthritis with a history of a compression fracture; organic brain disorder; depression; and a history of alcohol abuse. Tr. at 20. The parties do not dispute ALJ's findings in Step Two.

### 3. Step Three: Determine whether the Plaintiff has a "Listed" Impairment

> If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [Subpart P of Part 404] and meets the duration requirement, we will find that you are disabled. *See* 20 C.F.R. § 404.1520(d).
>
> The Listing of Impairments...describes...impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience. *See* 20 C.F.R. § 404.1525(a).
>
> Most of the listed impairments are permanent or expected to result in death. *See* 20 C.F.R. § 404.1525(a).
>
> We need evidence from acceptable medical sources (e.g. licensed physicians) to establish whether you have a medically determinable impairment(s). *See* 20 C.F.R. § 404.1513(a).
>
> To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies ***all of the criteria*** in the listing. *See* 20 C.F.R. § 404.1513(a) (emphasis added).
>
> ***An impairment that manifests only some of those criteria, no matter how severely, does not qualify***. *See Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885 (1990) (emphasis added).

#### a. Listing Mental Impairments 12.00, 12.04, 12.05, and 12.06

The evaluation of disability on the basis of mental disorders requires

> documentation of a medically determinable impairment(s), consideration of the degree of limitation such impairment(s) may impose on your ability to work, and consideration of whether these limitations have lasted or are expected to last for a continuous period of at least 12 months...medical source evidence should reflect the medical source's considerations of information from you and other concerned persons who are aware of your activities of daily living; social functioning; concentration, persistence, or pace; or episodes of decompensation.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00 (Mental Disorders). The ALJ found that Plaintiff does not meet the criteria for a listing level mental impairment. Tr. at 25-26.

From a review of the record, the ALJ found that Plaintiff does not meet the listing criteria for marked restriction of activities of daily living, social functioning, or episodes of decompensation. Tr. at 25-26. The ALJ concluded that Plaintiff has no more than a "mild" limitation for activities of daily living since he is able to read the Bible, care for his personal hygiene, and do some shopping for himself. Tr. at 25. The ALJ found that Plaintiff has no more than a "mild" limitation for social functioning since he attends church on a weekly basis. Tr. at 25. The ALJ also found that Plaintiff's medical history does not reveal any episodes of decompensation. Tr. at 26 (ALJ decision); Tr. at 661 (report showing no psychiatric hospitalizations).

Plaintiff contends that his concentration, persistence, and pace are substantially affected; and that his IQ score of 74 falls in the borderline range of intellectual functioning. Pl. Doc. 11 at 8-9. The ALJ reviewed the record to determine whether Plaintiff has marked limitations in concentration, persistence, and pace; and to determine whether Plaintiff meets the criteria for listing 12.05 (mental retardation). Tr. at 20-26.

> **12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports**

> **onset of the impairment before age 22.** The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; Or B. A valid verbal, performance, or full scale IQ of 59 or less; Or C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; Or D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration.
>
> *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (emphasis added).
>
> **Need for longitudinal evidence.** Your level of functioning may vary considerably over time. The level of your functioning at a specific time may seem relatively adequate or, conversely, rather poor. **Proper evaluation of your impairment(s) must take into account any variations in the level of your functioning in arriving at a determination of severity over time. Thus, it is vital to obtain evidence from relevant sources over a sufficiently long period prior to the date of adjudication to establish your impairment severity...**
>
> *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00 Mental Disorders (emphasis added).

In October 2005, Plaintiff underwent a State Agency psychological examination by Sharon Joseph, Ph.D., and she diagnosed Plaintiff with cognitive disorder, depressive disorder, and alcohol dependence in partial remission. Tr. at 337. Dr. Joseph and the ALJ noted that Plaintiff's IQ score was inconsistent with his previous academic history. Tr. at 21 (ALJ decision); Tr. at 335 (Joseph report). Plaintiff obtained his GED and was never in any special education classes. Tr. at 333. The ALJ also noted that Plaintiff does not have evidence of deficits of adaptive functioning during the

developmental period (prior to age 22). Tr. at 26. Plaintiff is able to care for his personal needs as well as hunt, fish, and watch television. Tr. at 106 & 108. He reported no problems concentrating, completing tasks, or following written or spoken instructions. Tr. at 109. Plaintiff's ability to perform these activities has not changed since his disability began. Tr. at 108-09. In addition, he is a student of the Bible and is enrolled in several Bible study programs. Tr. at 561. Plaintiff is able to pay bills, count change, handle a savings account, and use a checkbook. Tr. at 187. Plaintiff attends church twice a week and listens in church. Tr. at 188. He was also able to work while incarcerated during the relevant period, and he worked for an auto place subsequent to his alleged onset date. Tr. at 897-98.

Plaintiff contends that the ALJ erred in assessing his credibility. Pl. Doc. 11 at 2 & 6-7. Plaintiff states that his testimony is consistent with the record, in accordance with SSR 96-7p. However, the ALJ found that Plaintiff's activities were inconsistent with his allegations of a pain and a disabling mental impairment. Tr. at 20-28.

Plaintiff cites Dr. Joseph's finding that the IQ results suggest the possibility of some level of brain dysfunction. Pl. Doc. 11 at 9. However, Dr. Joseph noted that there were no medical records or neurological evaluations for her review, which are necessary for a clear diagnosis. Tr. at 337.

Plaintiff contends that the ALJ erred in giving sufficient weight to the report by Dr. Joseph. Pl. Doc. 11 at 2 & 9-10. However, the ALJ considered Dr. Joseph's report as well as Plaintiff's activities in finding that Plaintiff was not mentally disabled. Tr. at 20-28.

From the evidence in the record, substantial evidence supports the ALJ's finding that Plaintiff does not meet the criteria for marked limitations in concentration, persistence, and pace; and that Plaintiff does not meet the criteria for a listing level mental impairment.

# * Residual Functional Capacity Assessment *
## (Needs to be Determined Before Proceeding to Step Four)

> If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record...We use our residual functional capacity assessment at the fourth step of the sequential evaluation process to determine if you can do your past relevant work...and at the fifth step of the sequential evaluation process (if the evaluation proceeds to this step) to determine if you can adjust to other work...
>
> Residual functional capacity assessment. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record....
>
> Residual functional capacity is a measurement of the most a claimant can do despite his limitations. *See* 20 C.F.R. § 404.1545(a). According to the Social Security Administration, residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Regulation (SSR) 96-8p. Residual functional capacity is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain). *See* 20 C.F.R. § 404.1529(a).

*See* 20 C.F.R. § 404.1520(e); *see also* 20 C.F.R. § 404.1545(a); *see also Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006). The ALJ reviewed Plaintiff's medical evidence, impairments, physical and mental limitations, pain symptoms, daily activities, and credibility; and from the entire record, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work. Tr. at 26.

> *Light work* involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this

> category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work...
>
> *Sedentary work* involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met...If someone can do light work, we determine that he or she can also do sedentary work.

*See* 20 C.F.R. § 404.1567 (italics added). Specifically, the ALJ found that Plaintiff has the residual functional capacity to perform light work with a sit / stand option at one hour intervals; with no climbing of ladders, ropes, or scaffolds, and only occasionally climb ramps or stairs; he can do no balancing, stooping, kneeling, crouching, or crawling; he must avoid concentrated exposure to temperature extremes of heat or cold; he must avoid areas of vibrations and environmental hazards; he can do no more than unskilled work, consisting of one to three step instructions that are low-stress in nature; that is also not fast-paced or production-type work. Tr. at 26-27.

Substantial evidence supports the ALJ's residual functional capacity assessment that Plaintiff can perform light work.

### 4. Step Four: Compare Residual Functional Capacity Assessment to Determine whether the Plaintiff Can Perform Past Relevant Work

> At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.
> 20 C.F.R. § 404.1520(a).
>
> Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it.

> 20 C.F.R. § 404.1560(b).
>
> Your impairment(s) must prevent you from doing your past relevant work. If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment...with the physical and mental demands of your past relevant work. (See § 404.1560(b).) If you can still do this kind of work, we will find that you are not disabled. *See* 20 C.F.R. § 404.1520(f).

The ALJ found that Plaintiff is unable to perform his past relevant work as a tire repairer (heavy, semi-skilled work); taxi driver (medium, semi-skilled work); and outside delivery worker (light, unskilled work) because it exceeds his residual functional capacity. Tr. at 28. The parties do not dispute the ALJ's findings in Step Four.

**5.      Step Five: Consider Residual Functional Capacity Assessment, Age, Education, and Work Experience to Determine if the Plaintiff Can Perform Any Other Work**

> At the fifth and last step...
>
> [i]f we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

*See* 20 C.F.R. § 404.1520(a); *see also* 20 C.F.R. § 404.1560(c). At the final step of the disability analysis, the ALJ considered Plaintiff's age, education, work experience, residual functional capacity assessment, and vocational expert testimony to determine whether Plaintiff could perform any other work. The ALJ noted that Plaintiff was 46 years old during the period at issue, which makes him a younger individual as defined in the Social Security Act. Tr. at 29. *See* 20 C.F.R. §

404.1563 (age as a vocational factor). The ALJ found that Plaintiff has a high school education and transferability of job skills is not material to the determination of disability. Tr. at 29. *See* 20 C.F.R. § 404.1564 (education as a vocational factor); *see also* 20 C.F.R. § 416.968(d) (transferability of job skills).

Vocational Expert Larry Ostrowski testified that someone with Plaintiff's residual functional capacity and work skills would be able to perform "light exertional" jobs such as mail clerk (non-USPS), assembler, and sewing machine operator. Tr. at 919-20. Mr. Ostrowski stated that there were at least 171 of these types of jobs available locally in West Virginia; and there were 249,527 jobs available nationwide. Tr. at 919-20. Mr. Ostrowski testified that Plaintiff could also perform "sedentary" jobs such as document preparer, table worker, and ampoule sealer. Tr. at 920. Mr. Ostrowski stated that there were at least 88 of these types of jobs available locally in West Virginia; and there were 90,694 jobs available nationwide. Tr. at 920.

Plaintiff contends that the ALJ failed to give proper weight to the Vocational Expert's testimony that absenteeism would preclude all jobs. Pl. Doc. 11 at 8; Tr. at 920. However, the ALJ asked this question merely as a hypothetical, and the medical evidence did not demonstrate that Plaintiff would be unable to work due to extensive absenteeism.

After considering the Plaintiff's age, education, work experience, residual functional capacity assessment, and vocational expert testimony, the ALJ found that there are jobs that exist in the national economy that the Plaintiff could perform. Tr. at 30. Substantial evidence supports the ALJ's decision that Plaintiff could perform other work.

> Substantial evidence...consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance...Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its

> judgment...if the decision is supported by substantial evidence. *See Laws*, 368 F.2d at 642; *Snyder*, 307 F.2d at 529. **Ultimately, it is the duty of the administrative law judge reviewing a case, and *not* the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.** *King*, 599 F.2d at 599. "This Court does not find facts or try the case *de novo* when reviewing disability determinations." *Seacrist*, 538 F.2d at 1056-57; "We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of non-persuasion." *Blalock*, 483 F.2d at 775. **"The language of the Social Security Act precludes a *de novo* judicial proceeding and requires that the court uphold the decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"**

*See Hays*, 907 F.2d at 1456 (emphasis added). Therefore, this reviewing Court will uphold the ALJ's decision that Plaintiff could perform other work because it is supported by substantial evidence.

In conclusion, the ALJ found that based on the Plaintiff's application filed on August 4, 2005, the Plaintiff is not entitled to a period of disability or supplemental security income. Tr. at 30. The Court finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled and can perform other work in the national economy.

### III.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Summary Judgment **[12]**, **DENY** Plaintiff's Motion for Summary Judgment **[10]**, and **AFFIRM** the Decision of the Administrative Law Judge. The Court notes the Plaintiff's objections to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to

> judgment...if the decision is supported by substantial evidence. *See Laws*, 368 F.2d at 642; *Snyder*, 307 F.2d at 529. **Ultimately, it is the duty of the administrative law judge reviewing a case, and *not* the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.** *King*, 599 F.2d at 599. "This Court does not find facts or try the case *de novo* when reviewing disability determinations." *Seacrist*, 538 F.2d at 1056-57; "We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of non-persuasion." *Blalock*, 483 F.2d at 775. **"The language of the Social Security Act precludes a *de novo* judicial proceeding and requires that the court uphold the decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"**

*See Hays*, 907 F.2d at 1456 (emphasis added). Therefore, this reviewing Court will uphold the ALJ's decision that Plaintiff could perform other work because it is supported by substantial evidence.

In conclusion, the ALJ found that based on the Plaintiff's application filed on August 4, 2005, the Plaintiff is not entitled to a period of disability or supplemental security income. Tr. at 30. The Court finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled and can perform other work in the national economy.

### III.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Summary Judgment **[12]**, **DENY** Plaintiff's Motion for Summary Judgment **[10]**, and **AFFIRM** the Decision of the Administrative Law Judge. The Court notes the Plaintiff's objections to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to

the District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: January 4, 2010**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE